# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs)  **No. 12-0561** (Wood 09-F-53)

**Wendy Thomas,**
**Defendant Below, Petitioner**

**FILED**

May 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Wendy Thomas, by counsel D. Adrian Hoosier, appeals the Circuit Court of Wood County's "Sentencing Order," entered on February 13, 2012, that sentenced petitioner to eight to thirty-five years in prison for fraudulent use of a credit card, petit larceny, forgery, and uttering, following her "unsuccessful discharge" from a drug court program. The State, by counsel Thomas W. Rodd, filed a summary response in support of the circuit court's decision.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 16, 2009, petitioner was indicted on eleven counts, including fraudulent use of an access device (a credit card), petit larceny, forgery, and uttering. Petitioner was thereafter released on bond. However, on August 18, 2009, the State filed a motion to revoke petitioner's bond and charged petitioner with four additional counts, two for forgery and two for uttering.

On March 4, 2010, petitioner pled guilty to two counts of fraudulent use of an access device, one count of misdemeanor petit larceny, two counts of forgery, and two counts of uttering. The circuit court sentenced petitioner to a net effective sentence of eight to thirty-five years in prison. However, after finding that petitioner's crimes were related to her drug addiction, the circuit court suspended petitioner's sentence in lieu of petitioner's participation in the West Central Regional Drug Court Program.

On September 15, 2010, petitioner was accepted into the drug court program. Petitioner claims that while she was in the drug court program, she improved, successfully passed multiple drug screens, attempted to find a job, and "stayed out of trouble." However, petitioner was expelled from the program on December 30, 2011, and her case was returned to the criminal docket for sentencing.

1

At the outset of petitioner's February 13, 2012, sentencing hearing, the following exchange occurred:

> Defense counsel: Your Honor, [petitioner] is present in person, and by [counsel]. We're set here today from a continuation of the last hearing.
>
> The Circuit Court: Okay.
>
> Defense counsel: I think I had—had someone go out and have my client sign a release so that the Court could review her drug court records and the Court is going to make its decision today based upon that review.
>
> The Circuit Court: Okay. Do you have anything you wish to say?
>
> Defense Counsel: No, sir.
>
> The Circuit Court: Does your client wish to speak?
>
> Defense Counsel: No, sir.
>
> The Circuit Court: Okay. Mr. [Prosecutor]?
>
> The State: I have nothing to add if the Court's gotten to review the drug court summary.

Thereafter, the circuit court imposed petitioner's original eight to thirty-five year sentence and remanded petitioner to the penitentiary.

On appeal, petitioner first argues that the circuit court erred in relying on her drug court records and/or a summary thereof because they were never provided to her.

"On an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." Syl. Pt. 2, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).

Although petitioner now claims that she never received a copy of her drug court records, neither petitioner nor her counsel made such a claim at petitioner's sentencing hearing. In fact, petitioner's counsel (1) specifically referenced petitioner's drug court records, (2) stated that he understood petitioner had signed a release for those records, and (3) highlighted that the circuit court was going to make its sentencing decision based upon the records. Moreover, petitioner's counsel did not dispute any of the findings in the records, even after the circuit court specifically asked both defense counsel and petitioner if they would like to speak. Under these facts, we cannot say that the circuit court erred in relying on petitioner's drug court records and/or on the summary thereof in sentencing petitioner.

Petitioner next argues that she was denied due process because the circuit court erred in failing to conduct an "effective" hearing in imposing petitioner's original sentence following her expulsion from the drug court program.

Based on the record on appeal, we note the following in regard to the procedural nature of petitioner's sentencing hearing: Petitioner was sentenced at a hearing in open court. Petitioner was represented by counsel who explained the reason for the hearing. The State was present, by counsel, but made no argument regarding sentencing. The circuit court gave petitioner's counsel and petitioner an opportunity to speak, but both denied the offer. The circuit court then pronounced petitioner's sentence. Importantly, neither petitioner nor her counsel lodged any objection regarding the nature of the proceeding. "This Court will not consider an error which is not properly preserved in the record nor apparent on the face of the record." Syl. Pt. 4, *State v. Browning*, 199 W.Va. 417, 485 S.E.2d 1 (1997). Therefore, because petitioner failed to preserve her claim, and because the claim is wholly unsupported by the facts in the record on appeal, we cannot say that the circuit court erred in the manner in which it conducted petitioner's sentencing hearing.

Finally, petitioner appears to argue that she received ineffective assistance of counsel at her sentencing hearing because her counsel offered no remarks concerning her expulsion from the drug court program or her sentence. Petitioner claims that she stood silent at the hearing because her counsel did not tell her she could speak for herself.

This Court's ability to review a claim of ineffective assistance of counsel is very limited on direct appeal. Such a claim is more appropriately developed in a petition for writ of habeas corpus. Syl. Pt. 11, *State v. Garrett*, 195 W.Va. 630, 466 S.E.2d 481 (1995); Syl. Pt. 10, *State v. Triplett*, 187 W.Va. 760, 421 S.E.2d 511 (1992). Accordingly, we decline to rule on any claims of ineffective assistance of counsel in the context of this direct appeal and express no opinion on the merits of petitioner's ineffective assistance claims.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 17, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II